IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60240
_____


ALLSTATE INSURANCE,

                                        Plaintiff-Appellee,

                         versus

LEON BLACKMAN

                                        Defendant,


RUDY LEWIS, Administrator of the
Estate of Alvine B. Johnson, deceased,

                              Intervenor Defendant-Appellant.

*****************************************************************

RUDY LEWIS, Administrator of the Estate of
Alvine B. Johnson, deceased,

                                        Plaintiff-Appellant,

                         versus

LEON BLACKMAN,

                                        Defendant,

ALLSTATE INSURANCE COMPANY,

                                        Garnishee-Appellee.
_____

Appeal from the United States District Court for the
Southern District of Mississippi
_____

January 10, 1996
Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

After reviewing the briefs of the parties, studying the terms of the insurance policy issued by Allstate Insurance Co. ("Allstate") to the insured, Leon Blackman ("Blackman"), and considering the arguments presented to this court, we are convinced that the district court committed no reversible error in granting summary judgment in favor of Allstate in the two civil actions consolidated in this appeal.

The insured, Blackman, knowingly and voluntarily entered a plea of guilty to the crime of manslaughter for the shooting death of Alvine B. Johnson ("Johnson"). The policy's criminal act exclusion precludes coverage for any bodily injury or property damage resulting from a criminal act or omission, or an act or omission that is criminal in nature and committed by an insured person. We are satisfied that in this case Blackman's voluntary plea of guilty does not leave open to question whether his conduct leading to the death of Johnson was criminal in nature, particularly in the light of the fact that there is no evidence upon which a reasonable jury could find otherwise. The judgment of the district court is therefore

A F F I R M E D.